UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Luis A. Martinez, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| City of San Antonio and | § | SA-11-CV-0891 FB (NN) |
| San Antonio Police Department, | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION

TO:   Honorable Fred Biery
      Chief United States District Judge

This report and recommendation addresses two pending motions to dismiss. I have jurisdiction to enter this report under 28 U.S.C. § 636(b) and the district court's order of referral.[1] After considering the motions, I recommend dismissing this case for failing to state a claim upon which relief may be granted.

**Nature of the case**. Plaintiff Luis A. Martinez filed this case and alleged violations of his civil rights under 42 U.S.C. § 1983.[2] Martinez complained that he was beaten and arrested by San Antonio police officers without probable cause. He further

---

[1] Docket entry # 5.

[2] Docket entry # 6.

complained that the officers used excessive force in arresting him. In addition to his section 1983 claim, Martinez brought state causes of action for unlawful arrest, malicious prosecution, and assault.

Martinez named the City of San Antonio (the City) and the San Antonio Police Department (the Department) as defendants. Because the parties are not diverse, the only basis for jurisdiction in this case is Martinez's claim for a violation of civil rights.[3] The City and the Department moved to dismiss Martinez's claims for failing to state a claim.[4] Because Martinez responded to the motions,[5] the motions are ripe for the court's consideration.

**Standard for a motion to dismiss**. A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[6]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

---

[3] *See* 28 U.S.C. § 1343 (giving district courts jurisdiction over civil rights claims).

[4] Docket entry #s 9 & 10.

[5] Docket entry # 11.

[6] Fed. R. Civ. P. 12(b)(6).

2

complaint are true (even if doubtful in fact)."[7] When considering a motion to dismiss, if the motion appears meritorious and a more carefully drafted complaint might cure any deficiencies, the district court must first "give the plaintiff an opportunity to amend his complaint, rather than dismiss it...."[8] Where the plaintiff has been given an opportunity to amend his complaint, the court may assume the plaintiff has pleaded his best case.[9]

**The Department's motion**. The Department argued that the claims against the Department must be dismissed because the Department is not a separate jural entity capable of suing or being sued.

> The capacity of an entity…to sue or to be sued is "determined by the law of the state in which the district court is held." In order for a plaintiff to sue a department…, that department must enjoy a separate legal existence. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued.[10]

The City created the Department, but it has not taken explicit steps to grant the

---

[7]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[8]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[9]*Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). *See Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. 2008) (applying the rule to a pro se plaintiff's complaint and stating, "this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint").

[10]*Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013 (W.D. Tex. 2000) (internal citations omitted).

Department with jural authority.[11]  Because the City has not taken explicit steps to give the Department jural authority, the Department may not sue or be sued.  Because Martinez has named a defendant that cannot be sued, Martinez's claims against the Department fail to state a claim upon which relief may be granted.  Because an amended complaint cannot cure that deficiency, the claims against the Department are appropriately dismissed.

**The City's motion**.  The City asked for dismissal of this case because Martinez did not complain that the deprivation of Martinez's civil rights was caused by an official policy or custom.  To hold a local government entity like the City liable under section 1983, the unconstitutional conduct must be directly attributable to the governmental entity through some sort of official action or imprimatur; isolated unconstitutional actions by a governmental employee do not trigger liability.[12]  In addition, a direct causal

---

[11]*See Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. SA-10-CV-316-XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 5, 2010) (explaining that the City is a home-rule municipality authorized to create a police department and observing that the City reserved to itself the authority to "sue and be sued").  *See also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (explaining that the City of Pasadena is a home-rule municipality that can authorize one of its subdivisions as an independent entity, but stating that the plaintiff failed to show that the City of Pasadena gave its police department the capacity to engage in separate litigation).

[12]*See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  *See also Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999) ("To hold a municipality accountable for a violation of constitutional rights, a plaintiff must show: (1) that the municipal employee violated his clearly established constitutional rights

link must exist between the governmental policy and the constitutional deprivation.[13]

"An 'official policy' is either a policy statement, ordinance, regulation, etc., that has been officially adopted by a policymaker, or a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the municipality's policy."[14]

Martinez's complaint did not identify a City policy statement, ordinance, or regulation that has been officially adopted by the City as the cause of the alleged deprivation of rights. Instead, Martinez responded to the City's motion by presenting three articles from the *San Antonio Express News* as evidence of "specific polic[ies] or customs maintained by the City and the San Antonio Police Department."[15] The articles do not constitute City policy statements, ordinances, or regulations that have been officially adopted by the City. To the extent Martinez intended the articles to serve as an allegation of a persistent, widespread practice of City police officers, which although not

---

with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.").

[13] *See Piotrowski*, 237 F.3d at 580.

[14] *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).

[15] Docket entry # 11, p. 5.

5

authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the City's policy,[16] the articles fall short of stating a claim upon which relief may be granted.

The first article reported that the Department had fired nine people in 2009 and planned to continue the Department's zero-tolerance policy for officer misconduct.[17] The article further reported that the Department had suspended a police officer after the officer was charged with burglary with intent to commit assault in connection with a domestic dispute with a girlfriend. The article stated that the police chief declared that the Department planned to "provide additional training to its rank-and-file to help keep them from being fired." The article does not serve as a basis for alleging a widespread practice by City police officers of arresting persons without probable cause or using excessive force accomplishing arrests. Instead, the article reflects the Department does not tolerate officer misconduct and seeks to train officers to avoid misconduct.

The second article reported that the Department terminated an officer for lying to internal affairs, disobeying an order, and failing to report a crime, following a domestic

---

[16]*See* docket entry # 11, p. 5 (stating "enclosed are the following documents…that specific polic[ies] or customs maintained by the City and the San Antonio Police Department alleged constitutional deprivations").

[17]Docket entry # 11, ex. 7A.

disturbance with the officer's girlfriend.[18]  The article stated that the officer was reinstated after agreeing to withdraw his name from the promotion list and avoid contact with the girlfriend.  The article does not serve as a basis for alleging a widespread practice by City police officers of arresting persons without probable cause or using excessive force accomplishing arrests.  Instead, the article reflects the Department does not tolerate officers who lie to internal affairs, disobey orders, and fail to report crimes.

The third article reported that a local family blamed the death of a family member on the use of excessive force by Department police officers.[19]  According to the article, the decedent" resisted arrest and was finally subdued by four officers, a canine unit and a Taser."  A family member complained to reporters that police officers repeatedly Tasered his brother.  The article reported that the officers involved were placed on administrative duty pending an investigation.  The article does not serve as a basis for alleging a widespread practice by City police officers of arresting persons without probable cause or using excessive force accomplishing arrests.  Instead, the article reflects the Department isolates officers involved in fatal uses of force pending an investigation of the incident.

Martinez failed to allege that the alleged unconstitutional conduct was caused by some sort of official action or imprimatur by the Department.  Without an allegation

---

[18] Docket entry # 11, ex. 7B.

[19] Docket entry # 11, ex. 7C.

directly attributing the alleged unconstitutional conduct to the City through some sort of official action or imprimatur, Martinez failed to state a claim upon which relief can be granted. A more carefully drafted complaint will not cure this deficiency because Martinez has already attributed the alleged unconstitutional conduct to the particular officers involved, not departmental policy: In his response, he alleged that the officers "also committed fraud and perjury by their written statement(s) thereby *going against the official policy and customs of the San Antonio Police* [*Department*]."[20] No reason exists for seeking an amended complaint because Martinez does not attribute the unconstitutional conduct to a City policy statement, ordinance or regulation. If he did, Martinez could have responded to the City's motion by amending his complaint. Instead, he presented documentary evidence to substantiate his allegations. Under these circumstances, Martinez has pleaded his best case. Martinez's best case fails to state a claim upon which relief may be granted. The City is entitled to dismissal of Martinez's claims.

**Recommendation**. In naming the Department as a defendant, Martinez sued a defendant that cannot be sued and thereby failed to state a claim against the Department. As a result, the Department is entitled to dismissal of the claims against the Department. For that reason, I recommend GRANTING the Department's motion (docket entry # 10).

By failing to allege the claimed constitutional violations were directly attributable

---

[20] Docket entry # 11, p. 1 (italics added).

to a City official policy or custom, Martinez failed to state a claim against the City. As a result, the City is entitled to dismissal of the claims against the City. For that reason, I recommend GRANTING the City's motion (docket entry # 9).

If the Court adopts this recommendation, the only remaining claims are those against the City involving alleged violations of state law. I recommend that this Court decline to exercise jurisdiction over those state claims,[21] and dismiss those claims without prejudice to allow plaintiff discretion to assert those claims in state court.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[22] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or

---

[21] *See* 28 U.S.C. 1367(c) (providing that the district court may decline to exercise supplemental jurisdiction if it dismisses all claims over which it had original jurisdiction).

[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[23] To the extent Martinez contends he has not had the opportunity to amend his complaint, he may use the period for filing objections to amend his pleading to cure his deficient claims or file objections to this report and recommendation. Failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[24]

    **SIGNED** on March 5, 2012.

                                                */s/ Nancy Stein Nowak*

                                                NANCY STEIN NOWAK
                                                UNITED STATES MAGISTRATE JUDGE

---

[23] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[24] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).